

# The Attorney General of Texas

October 10, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
County Attorney
1001 Preston — Suite 634
Houston, Texas 77002

Opinion No. H- 1254

Re: Consolidation of various funds and bank accounts of Harris County and Harris County Flood Control District.

Dear Mr. Resweber:

You have requested an opinion on the following questions which you have submitted:

> 1. Can the proceeds from various County bond issues be consolidated into one fund?
>
> 2. Can all the interest and redemption funds created for the payment of interest on, and principal of, the various county bond issues be consolidated into one fund?
>
> 3. Can all the money held by the County pursuant to federal grants be consolidated into one fund?
>
> 4. Can County funds (except interest and redemption funds) derived from the County's ad valorem taxes be consolidated?
>
> 5. Is the County required to maintain a separate bank account in the County depository for each of the various county funds?
>
> 6. Can the proceeds from the various Harris County Flood Control District bond issues be consolidated into one fund?
>
> 7. Is the Harris County Flood Control District required to maintain a separate bank account in the Harris County Flood Control District depository for

each of the various Harris County Flood Control District funds?

Proceeds from the sale of bonds can be used only for the purpose for which the bond issue states. Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960); Attorney General Opinion H-968 (1977). Therefore, if consolidation of bond proceeds into one fund would result in improper use of the bond revenue, such consolidation would be unlawful. Only if the bonds were issued for the same purpose could the proceeds from their sale be consolidated into one fund.

An interest and sinking fund may be dispersed only for the purpose of paying the interest or redeeming the bonds for which the fund was established. V.T.C.S. art. 839; Attorney General Opinion M-841 (1971). Therefore, a consolidation of these accounts would be impermissible if it would result in an improper use of the fund.

The consolidation of federal grant money depends on the attendant rules and regulations under which the grant was made. There is no state law which prohibits consolidation of these moneys as a general matter. Thus, an answer to question number 3 depends on the language and the purpose of each grant.

Except for taxes raised to retire public debt, which are assessed and collected separately, "[a]ny county may put all tax money collected by the county into one general fund, without regard to the purpose or the source of each tax." Tex. Const. art. VIII, § 9. Therefore, proceeds derived from the county's ad valorem tax may be consolidated. Attorney General Opinion H-194 (1974).

We find nothing in state law which would forbid the county from placing the various county funds into one bank account so long as those funds which have a limited purpose are segregated by the proper accounting procedures. See Attorney General Opinion M-975 (1971). The county is not required to maintain a separate bank account for each fund. The county auditor has the authority to adopt regulations regarding the accounting procedures used for county revenues. V.T.C.S. arts. 1656, 1656a, 1657.

The Harris County Flood Control District may not consolidate funds derived from bond issues if those issues were for different purposes. See Barrington, supra. However, the district may maintain its funds in one bank account if proper accounting procedures are used to insure that the various funds are used only for their designated purposes. Attorney General Opinion M-975 (1971).

### S U M M A R Y

Proceeds of various bond issues and interest and sinking funds cannot be consolidated into one fund if the consolidation would result in an improper use of the money.

Proceeds from a county's ad valorem taxes may be consolidated. Different county funds may be placed in a single bank account if proper accounting procedures are adopted to insure that the funds are utilized for the correct purposes.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn